726 So.2d 261 (1998)
Joann LEFLORE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01281 COA.
Court of Appeals of Mississippi.
December 30, 1998.
Anthony J. Buckley, Laurel, Attorney for Appellant.
*262 Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before THOMAS, P.J., and COLEMAN and HINKEBEIN, JJ.
HINKEBEIN, J., for the Court:
¶ 1. JoAnn Leflore (Leflore) was convicted in the Circuit Court of Jones County of felony shoplifting. Leflore was sentenced to serve a term of five years, with three years suspended, in the custody of the Mississippi Department of Corrections. The sentence was to be served consecutive to prison time incurred as the result of Leflore's revoked probation from a prior offense in Forrest County. She was also ordered to pay a $1000 fine. Aggrieved by her conviction, she appeals to this Court based on the following assignment of error:
I. THE PROSECUTOR COMMITTED REVERSIBLE ERROR IN HIS OPENING STATEMENT WHEN HE COMMENTED THAT DEFENSE COUNSEL WOULD PROBABLY CALL HIS CLIENT TO TESTIFY, IN VIOLATION OF THE FIFTH AMENDMENT.
¶ 2. Holding this assignment of error to be without merit, we affirm the judgment of the circuit court.

FACTS
¶ 3. On March 5, 1997, Leflore entered the K-Mart on Highway 15 in Laurel. While pushing her shopping cart through the aisles, she came under the observation of James Nix (Nix), the store's loss control manager. Nix testified at trial that he witnessed Leflore pick up a large cardboard box containing a plastic toy chest shaped like a football. While Nix watched, Leflore split the tape on top of the box and removed the toy chest and placed it on the floor. She then put the empty cardboard box into her shopping cart. For approximately thirty-five minutes, Nix observed Leflore making her way through K-Mart, placing items into the cart. While Leflore usually had her back toward Nix, he testified that at one point he saw Leflore place five cartons of cigarettes into the empty cardboard box. Nix stated that he then saw Leflore fumbling with something and when she turned around, the cardboard box had been resealed with scotch tape. Leflore then made her way to the front of the store and went to one of the registers. The K-Mart employee at the register scanned the box, and Leflore paid $32.09, which was the list price of the toy chest plus sales tax. She then wheeled the shopping cart containing the box out the front door and into the parking lot. Nix testified that he followed her out of the store and identified himself and showed her his K-Mart identification card. When she refused his request to come back into the store, he told her she was under arrest for shoplifting.
¶ 4. At this point, Nix escorted Leflore back into the store and in the company of a female K-Mart employee took her into his office. They were joined by another female employee armed with a hand-held price scanner. Inside the cardboard box they found fifty-seven cartons of cigarettes, articles of clothing, and a six volt battery and battery charger. After the items were scanned, they were shown to have a total value of $1040.17. A police officer was called to the store and Leflore was formally arrested. On June 27, 1998, a Jones County grand jury indicted Leflore for the crime of felony shoplifting pursuant to Miss.Code Ann. § 97-23-93 (Rev.1994), and the case went to trial on September 18, 1997.
¶ 5. This appeal focuses on a comment made by the prosecutor during the State's opening statement. After he outlined to the jury what witnesses he planned to call, the prosecutor remarked, "[t]his is going to be what I think is a short case. I think Mr. Buckley probably will only call his client to the stand." Leflore's attorney requested a sidebar and objected to the prosecutor's comment that Leflore would likely testify on her own behalf. On instruction from the trial judge, the prosecutor explained to the jury that he did not actually know if Leflore would testify and further, she was not required to testify and no inference should be drawn if she did not take the stand. In reiterating the prosecutor's comments, the trial judge directly told the jury that if Leflore did not testify, that fact could not be considered in their deliberations. The jury *263 informed the judge they would not give any weight to the issue of whether or not Leflore would testify. Leflore's attorney told the trial judge that he was satisfied with the curative actions taken.
¶ 6. After the State rested its case, Leflore did take the stand to testify in her own defense. The gist of her testimony was that she had only intended to purchase the plastic toy chest and had no idea that any other merchandise was contained within the cardboard box. She stated that the box had been sealed from the time she picked it up till the time she left the store and denied ever having a roll of tape with which to reseal the package. At the conclusion of the trial, the jury returned a unanimous verdict of guilty. From that conviction, Leflore has perfected this appeal.

DISCUSSION

I. THE PROSECUTOR COMMITTED REVERSIBLE ERROR IN HIS OPENING STATEMENT WHEN HE COMMENTED THAT DEFENSE COUNSEL WOULD PROBABLY CALL HIS CLIENT TO TESTIFY, IN VIOLATION OF THE FIFTH AMENDMENT.
¶ 7. Whether reversible error can be found in a prosecutor's contention that a defendant will testify appears to be an issue of first impression in Mississippi. Leflore argues that the prosecutor's comment is analogous to a remark on a defendant's failure to testify and thus is constitutionally impermissible and constitutes reversible error. The State claims the prosecutor's comment, while inappropriate, did not deny Leflore a fair trial. The State further contends that the judge's admonishment to the jury as well as Leflore's decision to take the stand erased any possible prejudice. We agree with the State.
¶ 8. Under the Fifth Amendment of the United States Constitution, as well as art. 3 § 26 of the Mississippi Constitution, a defendant "shall not be compelled to give evidence against himself...." In light of this constitutional right, the Mississippi Supreme Court has long held "that any comment by a prosecutor regarding the defendant's failure to testify was incurable, reversible error." Livingston v. State, 525 So.2d 1300, 1308 (Miss.1988). Prosecutors are also forbidden from referring to a defendant's failure to testify by "innuendo and insinuation." Wilson v. State, 433 So.2d 1142, 1146 (Miss.1983). "When there is a question as to the prosecution's comment on the defendant's failure to testify, each case must be considered individually on the facts of that particular case." De La Beckwith v. State, 707 So.2d 547 (¶ 148) (Miss. 1997).
¶ 9. However, in the case sub judice, the prosecutor was not commenting on Leflore's failure to testify but rather on the likelihood that she would. Despite Leflore's strong assertion that there is no significant distinction, the Mississippi Supreme Court has never actually been presented with this issue. Looking to other' jurisdictions for guidance, we find a similar matter addressed by the Supreme Court of Nebraska. State v. Pierce, 231 Neb. 966, 439 N.W.2d 435, 444-5 (1989). In Pierce, the prosecutor remarked during his opening statement that the defendant "will testify but we do not know which version of the facts to which he will testify." Id. at 444. The Supreme Court of Nebraska found that by making Pierce's credibility an issue before any evidence had been presented, the prosecutor compelled Pierce to testify and thus violated his right to remain silent. Id. at 445. The Pierce court takes pains to point out that a cautionary instruction regarding the prosecutor's statement might have eliminated any prejudice but since none was given, they had no choice but to reverse. Id. The case before this Court can be distinguished in a number of ways from the scenario in Pierce. While the prosecutor in the case sub judice merely mentioned the probability of Leflore testifying, the prosecutor in Pierce intimated that the defendant would lie when he took the stand. In Pierce, the defendant was compelled to testify in order to dispel the prosecutor's assertion of dishonesty, while there is nothing in the record or briefs that suggest Leflore faced any such compulsion. The most telling difference is that in Pierce no instruction was given to the jury to disregard the prosecutor's comment. *264 while in Leflore's case the jury received such an instruction and affirmatively agreed not to consider the prosecutor's remark. This issue of the cautionary instruction brings the case sub judice solidly within the ambit of Mississippi law. The Mississippi Supreme Court has held that a timely objection, promptly sustained with an instruction for the jury to disregard the prosecutor's comments, is generally sufficient to dissipate any taint of prejudice. Johnson v. State, 477 So.2d 196, 210 (Miss.1985). This statement of law mirrors what took place in this case. In addition, a jury is presumed to have followed the trial court's instructions to disregard improper testimony. Baine v. State, 604 So.2d 249, 257 (Miss.1992). The trial judge is also "given considerable discretion to determine whether a remark creates irreparable prejudice necessitating a mistrial." Id. We find from the record that the trial judge took proper and sufficient actions to ensure Leflore's right to a fair trial. The fact that Leflore did actually testify with nothing in the record to indicate compulsion also does much to negate any claim of prejudice. As such, we find this assignment of error to be without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF FIVE YEARS WITH THREE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A $1000 FINE IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.